# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 06-30722
                                                         Chapter 13
JUSTIN RENODO THICKLIN,

    Debtor.

## MEMORANDUM OPINION

    Before the court is the chapter 13 trustee's objection to the confirmation of the debtor's plan. The trustee contends that the plan does not provide for payment of all of the debtor's disposable income over the applicable commitment period as required by § 1325(b)(1)(B). The parties have filed a joint stipulation of undisputed facts and respective briefs of law. Upon consideration of the undisputed facts and the respective briefs, the court concludes that the trustee's objection to confirmation must be sustained.

## Jurisdiction

    The court's jurisdiction derives from 28 U.S.C.1334 and the United States District Court for this district's general order referring title 11 cases to this court. Further, because the confirmation of a plan is at issue here, this is a core proceeding extending the court's jurisdiction to the entry of a final order or judgment. *See* 28 U.S.C. § 157(b)(2)(L).

## Stipulated Facts

    The stipulated facts are a part of the record at Doc. #17. The court adopts those facts as the facts in this case which are summarized as follows.

    Thicklin filed this chapter 13 case on June 19, 2006. The debtor is married and has two dependent children. The only income

available to the debtor's household is his earnings from his employer, Winn Dixie Logistics. His "current monthly income" is $3,076.54.[1] The debtor's actual monthly income is $2,751. Thicklin's annualized current monthly income is below the median income for similarly sized Alabama households.

Thicklin owns a 1993 Saturn and a 1998 Dodge Intrepid. Both vehicles are free and clear of the security interest of any creditor.

Under Schedule J, Thicklin claimed a $575 per month vehicle ownership expense. The Internal Revenue Service standards allow an ownership expense of $803 per month for two cars.

Thicklin's chapter 13 plan is a composition plan providing for only partial payment of unsecured claims.

Conclusions of Law

The issue presented here is whether a below median income debtor, in arriving at his disposable income, may claim the Internal Revenue Service standard expense for vehicle ownership when nothing is owed on his vehicles.

Determining the debtor's disposable income is important because, as here, if the trustee objects to the confirmation of the plan, the court may not confirm the plan unless it provides for payment of unsecured claims in full or provides for payment of all of the debtor's projected disposable income under the plan for the applicable period. See 11 U.S.C. § 1325(b)(1).

Disposable income, however, is calculated differently depending upon whether the debtor's annualized current monthly

---

[1] "Current monthly income" is the average of the debtor's income, with certain non-relevant exceptions, for the six months prior to bankruptcy. See 11 U.S.C. § 101(10A).

2

income exceeds the median family income of other like-sized households within the home state. In either event, the calculation begins with the debtor's current monthly income. From that amount, expenses are deducted to arrive at the debtor's disposable income. Deductible expenses, however, are determined differently depending upon whether the debtor's income is below or above median family income for a like-sized in-state household.

Those debtors whose annualized current monthly income is below the median family income may deduct reasonable, necessary expenses for:

> (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and
> (ii) for charitable contributions (that meet the definition of 'charitable contribution' under section 548(d)(3) to a qualified religious or charitable entity or organization (as defined in section 548(d)(4)) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and
> (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2)(A) and (B).

Debtors, whose income exceeds the median family income, have their reasonably necessary expenses determined in accordance with the so-called means test provisions of 11 U.S.C. § 707(b)(2)(A) and (B). *See* 11 U.S.C. § 1325(b)(3).

The purpose of the § 707(b) means test is to prevent those debtors who have the financial wherewithal to repay debts from receiving a discharge under chapter 7. Further, the means test

3

recognizes that certain debtors' inability to repay debts results not from a limited income but rather from improvident lifestyle choices. In order to remedy these situations, the means tests imports the Internal Revenue Service's standards which serve to cap expenses within specified categories. Vehicle ownership is one of the IRS standard expense categories.

Because Thicklin's income is below the median family income for this State, his expenses for disposable income calculation purposes are determined under § 1325(b)(2)(A) and (B). The means test of § 707(b) with the IRS expense standards is not implicated. Therefore, Thicklin cannot claim the IRS standard expense for vehicle ownership.[2]

However, this conclusion does not necessarily prevent Thicklin from deducting a reasonable anticipated expense for replacement of his vehicles within the term of the chapter 13 plan. The statute looks to the future – to the time of confirmation and thereafter – to determine the debtor's disposable income. It speaks of *projected* disposable income (§ 1325(b)(1)(B)) and of amounts *to be expended* (§ 1325(b)(2)). A court must consider the future finances of the debtor – not just the historical. *In re Kibbe*, 342 B.R. 411 (Bankr. D.N.H. 2006); *In re Jass*, 340 B.R. 411 (Bankr. D. Utah 2006); *In re Grady*, 343 B.R. 747 (Bankr. N.D. Ga. 2006); *In re*

---

[2] Even had the debtor's income exceeded the median, most courts considering the issue have concluded that the vehicle ownership component of the IRS standards can only be claimed by debtors who are actually obligated to pay monthly vehicle loan or lease payments. *In re Oliver*, 2006 WL 2468297 (Bankr. W.D. Tex.); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006); *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006); *In re Carlin*, 348 B.R. 795 (Bankr. D. Or. 2006); *In re Harris*, 2006 WL 2933891 (Bankr. E.D. Okla.); *In re Wiggs*, 2006 WL 2246432 (Bankr. N.D. Ill.); *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006). *Contra In re Fowler*, 2006 WL 2613372 (Bankr. D. Del.); *In re Farrar-Johnson*, 2006 WL 2662709 (Bankr. N.D. Ill.) (debtor may deduct standard housing expense even though debtor has no actual housing expense).

*Fuller,* 346 B.R. 472 (Bankr. S.D. Ill. 2006); *In re Risher,* 344 B.R. 833 (Bankr. W.D. Ky. 2006); *In re Foster,* 2006 WL 2621080 (Bankr. N.D. Ind.); *In re LaSota,* 2006 WL 2686748 (Bankr. W.D.N.Y.).

The court notes that in this case both of the debtor's vehicles are older models – 1993 and 1998. It is indeed probable, if not a certainty, that one or both of these vehicles will need replacement during the course of Thicklin's chapter 13 plan. Such an anticipated and projected expense, if within reason, may be properly deducted from Thicklin's income to arrive at his disposable income.

Conclusion

For these reasons the court concludes that the trustee's objection must be sustained. The confirmation hearing will be rescheduled for November 27, 2006 in order to accord the debtor an opportunity to amend either his scheduled expenses, his plan, or both in keeping with the holding here. An order, consistent with this memorandum opinion, will enter separately.

Done this the 25th day of October, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Justin R. Thicklin, Debtor
Gary A.C. Backus, Debtor's Attorney
Curtis C. Reding, Chapter 13 Standing Trustee

5